# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 13-574V
Filed: April 3, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| KAMILAH A. CRAWFORD, | * | |
| | * | |
| Petitioner, | * | |
| v. | * | Dismissal; Human papillomavirus |
| | * | ("HPV"); Meningococcal ("MVC"); |
| SECRETARY OF HEALTH | * | Tetanus-diphtheria-acellular pertussis |
| AND HUMAN SERVICES, | * | ("TDaP"); Varicella; Insufficient Proof. |
| | * | |
| Respondent. | * | |
| | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

*Heidi A. Kocher, Esq.*, Law Office of Heidi Kocher, Plano, TX, for petitioner.
*Gordon E. Shemin, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

**Roth**, Special Master:

On August 13, 2013, Petitioner ("Ms. Crawford," or "petitioner") filed a petition, on behalf of her minor child, K.C., under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that K.C. suffered from muscle spasms, shaking and jerking motions in her right and left arms as a result of receiving a human papillomavirus ("HPV"), meningococcal ("MCV"), tetanus-diphtheria-acellular pertussis ("TDaP"), and varicella vaccinations on August 14, 2010.  On December 26, 2014, petitioner filed a "Motion to Amend Caption" to reflect that

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner's daughter, Kamilah Crawford, had turned 18 years of age, thus, she would pursue the claim in her own name.  ECF No. 28.  The information in the record does not show entitlement to an award under the Program.  On March 31, 2017, petitioner filed a "Motion For A Decision Dismissing Her Petition."  ECF No. 67.

To receive compensation under the Program, petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that she suffered an injury that was actually caused by a vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1).  An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury."  Further, the record does not contain persuasive evidence indicating that petitioner's alleged injury was vaccine-caused or in any way vaccine-related.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 13(a)(1).  In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support.  Petitioner, however, has offered no such opinion that supports a finding of entitlement.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that petitioner suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination.  **Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master